IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Thomas Wimbush,                              Case No. 1:06 CV 1488

            Petitioner,               MEMORANDUM OPINION
                                                     AND ORDER
      -vs-
                                                     JUDGE JACK ZOUHARY
Julius Wilson,

            Respondent.

## BACKGROUND

*Pro se* Petitioner Thomas Wimbush (Wimbush) filed a Petition for a Writ of Habeas Corpus (Doc. No. 1). This Court has jurisdiction under 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Petitioner is in custody and has alleged his detention violates the Sixth and Fourteenth Amendments of the U.S. Constitution.

The case was referred to United States Magistrate Judge Vernelis Armstrong for a Report and Recommendation (Recommendation) pursuant to Local Rule 72.2(b)(2). The Magistrate Judge recommended the Court deny the Petition (Doc. No. 11).

This action is before the Court on Petitioner's Objection (Doc. No. 12). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate's findings.

## DISCUSSION

**Facts and Procedural Background**

The Recommendation accurately reports the factual findings from the state court proceedings.

On September 18, 2003, Wimbush was called as a witness in a preliminary hearing involving his stepfather who had been charged with possession of a weapon while under disability, armed robbery and other crimes. Wimbush testified that he owned the shotgun, which had been entered into evidence, and claimed the shotgun had been in his mother's home for some two to three and a half years before it was discovered by the police investigating the armed robbery. It was later learned that during the same time period of his claimed ownership, the shotgun had been owned by other individuals. As a result, Wimbush was charged with perjury in violation of Ohio Revised Code § 2921.11. *State of Ohio v. Wimbush*, No. 2005CA0024, 2005 WL 3293769, at *1 (Dec. 6, 2005).

Wimbush was convicted of perjury on March 17, 2005 and sentenced to four years. The conviction was affirmed on appeal on December 6, 2005. The Ohio Supreme Court denied his leave to appeal on April 12, 2006, and he filed this Petition on June 16, 2006.

**Petition for a Writ of Habeas Corpus**

The Petition alleges three constitutional violations: (1) his perjury conviction was not supported by sufficient evidence of the essential elements of the crime; (2) his right to a fair trial was violated by the admission of the shotgun his stepfather used in a crime; and (3) he was denied effective assistance of appellate counsel.

The Magistrate found (1) a reasonable factfinder could conclude Petitioner did not own the shotgun in question during the relevant time period and that his testimony to the contrary was material and knowingly false; (2) the admission of the shotgun his stepfather used in committing a robbery did not deprive Petitioner of a fair trial; and (3) Petitioner failed to show he was prejudiced by the alleged deficiency of appellate counsel.

Petitioner objects to the first and third findings. He claims: (1) the evidence was insufficient to sustain the perjury conviction because Petitioner only testified to his ownership of "a" shotgun and not necessarily "the" shotgun, and further, because Petitioner was not shown the shotgun in question during the hearing, he could not have knowingly lied about his ownership of that particular shotgun; and (2) the admission of hearsay evidence offered by a previous owner of the shotgun, Don Lucas, was prejudicial because it established a chain of ownership that was essential to Petitioner's conviction.

**Sufficiency of Evidence**

In his first Objection, Petitioner claims the shotgun referred to in his testimony at the preliminary hearing is not the shotgun his stepfather allegedly used in a robbery. Petitioner argues that because he was not shown the shotgun at the hearing and referred to "a" shotgun rather than "the" shotgun, there is not sufficient evidence that he knowingly offered a false statement.[1]

The Due Process Clause of the Fourteenth Amendment requires that every element of the crime be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364 (1970). The Sixth

---

[1] Perjury is defined as follows: "Whosoever, in any official proceeding, knowingly makes a false statement under oath or affirmation, or knowingly swears or affirms the truth of a false statement previously made, when either statement is material, is guilty of perjury." Ohio Revised Code § 2921.11.

3

Circuit has established the following standard of review for federal habeas courts considering sufficiency arguments:

> The constitutional standard for reviewing the sufficiency of the evidence was established in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Justice Stewart held that the "relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 319, 99 S.Ct. at 2789. The standard is not whether the evidence is sufficient to convince the habeas court of the petitioner's guilt beyond a reasonable doubt. Nor does that standard require the prosecution to rule out every hypothesis except that of guilt beyond a reasonable doubt. *Id.* at 326, 99 S.Ct. at 2793. The *Jackson* standard is to be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* at 324 n. 16, 99 S.Ct. at 2792 n. 16.

S*cott v. Perini*, 662 F.2d 428, 431-32 (6th Cir. 1981).

Under this standard, the Court must determine the elements of the crime and ask whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." It is not necessary to rule out every hypothesis or inference that would have supported a verdict for the defendant. The Magistrate correctly applied this standard to the evidence in this case (Recommendation at pp. 5-7) and concluded a rational jury could have found Petitioner guilty of the crime beyond a reasonable doubt. On review, this Court also finds sufficient evidence was offered at trial to establish the essential elements beyond a reasonable doubt.

Petitioner does not appear to contest that the statements he made at the preliminary hearing were material, but instead claims the evidence was insufficient to show he "knowingly" made a false statement in claiming ownership of the shotgun. Specifically, he claims he only testified that he owned "a" shotgun, and not "the" shotgun his stepfather allegedly owned. He claims the evidence on the chain of custody of the shotgun was insufficient, that he was not shown the shotgun during his testimony, and that he was referring to a different shotgun (Objection at p. 5). However, the existence

of a possible inference in favor of Petitioner does not amount to a finding of insufficient evidence. The Court need not rule out "every hypothesis except that of guilt beyond a reasonable doubt." *Scott*, 662 F.3d at 432.

The Court finds the record contains sufficient evidence. First, the context of Petitioner's preliminary hearing testimony, which was tape-recorded and played for the jury at his trial (Doc. No. 9, Ex. 7 at pp. 84-90) supports that Petitioner "knowingly" made a false statement about ownership of the shotgun. The examiner placed the questioning in context by stating: "The reason I've asked you here to testify today is because, as you're aware, John [stepfather] was arrested for having weapons in the house" (p. 86). The examiner then asked: "Can you tell the Court whose weapons those were? Now, it's been testified there was two BB or pellet guns and one shotgun." (p. 86). Petitioner then testified that he "owned the shotgun for, like, two and a half, three years" (p. 86). He further testified that he kept this shotgun in his mother's basement in a plastic trash bag that was either black or green (pp. 88-89). This testimony permits the reasonable inference that Petitioner knew which shotgun the examiner was referring to, claimed to have owned it for two to three and a half years prior to its seizure by police, and that the shotgun was stored in his mother's basement. This evidence could have been bolstered by showing the shotgun to Petitioner during his testimony, but there is no requirement to do so to sustain this perjury conviction. Furthermore, this Court heeds the statement in *Scott* that "the primary emphasis must always be upon that evidence which was in fact presented to the jury . . . . [I]t is not for the appellate court to ponder why other evidence was not presented." *Id.* at 435. Likewise, this Court's standard of review does not allow it to speculate as to what evidence might have strengthened the prosecution's case, but merely to determine whether sufficient evidence supported the conviction.

5

Petitioner also argues evidence of the chain of custody of the shotgun is irrelevant because the shotgun he referred to in his testimony is not the same as the one seized by police. However, this evidence supports the factual finding that the shotgun seized was not owned by Wimbush before July 2003. The Magistrate has properly laid out the testimony of the various previous owners of the shotgun showing continuous ownership during the period in which Petitioner claimed ownership (Recommendation at pp. 6-7). Again, this Court cannot discount this evidence simply because Petitioner presents an alternative inference of innocence. The chain of custody evidence supports the conviction because it establishes the falsity of Petitioner's testimony that he owned the shotgun for two to three and a half years.

The Court finds Petitioner's testimony provided sufficient evidence that he knowingly made a false statement. Petitioner's first Objection is not well-taken.

**Ineffective Assistance of Appellate Counsel**

Petitioner also objects to the Magistrate's denial of his ineffective assistance of counsel claim. In this Objection, Petitioner objects only to the finding relating to Don Lucas' testimony. Lucas testified at trial that his son told him that he had sold the shotgun in July 2003 to a neighbor named Gary. The Magistrate noted this testimony constituted inadmissible hearsay under the Ohio Evidence Rule 802[2] but concluded there was no showing of prejudice to Petitioner because other admissible evidence showed he did not own the shotgun for the length of time he claimed.

---

[2] "Hearsay is not admissible except as otherwise provided by the Constitution of the United States, by the Constitution of the State of Ohio, by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio, by these rules, or by other rules prescribed by the Supreme Court of Ohio."

The Sixth Circuit has set forth the standard governing claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
>
> Review of counsel's performance is highly deferential and requires that courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." To demonstrate that counsel's performance was deficient, a "defendant must show that counsel's representation fell below an objective standard of reasonableness." To establish prejudice, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." There is no question that Strickland qualifies as clearly established federal law under AEDPA.

*Wickline v. Mitchell*, 319 F.3d 813, 819 (6th Cir. 2003) (quoting *Strickland v. Washington*, 466 U.S. 668 (1984)) (citations omitted). Furthermore, as the Recommendation states (at p. 11), the Court may review the prejudice element first and end its analysis if prejudice is not established. *Strickland*, 466 U.S. at 697.

Petitioner raises three distinct bases for his objection: (1) the Magistrate presumed, without a proper basis, that the shotgun about which Lucas testified is the shotgun Petitioner claimed to own; (2) the failure to demand cross-examination of Lucas' son is prejudicial because it deprived Petitioner of the opportunity to question the identity of the shotgun; and (3) the Magistrate erred in concluding there was "overwhelming evidence" that Petitioner did not own or possess the shotgun during the period he claimed because, again, Petitioner argues he was referring to a different shotgun. The Magistrate correctly concluded that Petitioner cannot establish prejudice and therefore cannot maintain a claim for ineffective assistance of counsel.

7

First, the Magistrate did not merely presume the shotgun about which Lucas testified is the same shotgun Petitioner claimed to own. This conclusion is supported by Petitioner's testimony at the preliminary hearing and the testimony at trial, as discussed above.

Second, the Magistrate correctly determined that Petitioner did not establish a "reasonable probability" that he would have been acquitted if appellate counsel had objected to the admission of this testimony. In particular, Petitioner cannot show that the hearsay portion of Lucas' testimony was material to his conviction. At trial, Matt Lenhart testified he purchased the shotgun in January 2000 from Sportman's Den in Shelby, Ohio and owned it until November or December 2001 (Doc. No. 9, Ex. 7 at pp. 61-62). Lucas then testified from personal knowledge that he owned the shotgun from late 2001 through June or July 2003, when he noticed it was missing (Doc. No. 9, Ex. 7 at pp. 64-65). On cross-examination, Lucas testified his son informed him he had taken the shotgun and sold it to a neighbor named Gary (at p. 68). This last portion of testimony is the only hearsay statement that Lucas offered. However, this statement was not required to establish that Petitioner did not own the shotgun in the two to three years preceding its seizure in September 2003. The hearsay was limited to the time period after June or July 2003 and, even if it had not been introduced at trial, sufficient evidence supported the finding that Petitioner did not own the shotgun as he claimed.

Finally, Petitioner's third argument is closely related to his first argument because it rests on the assertion that he was not referring to the same shotgun in his testimony. The Court has already addressed why this argument is unpersuasive: the jury finding that Petitioner perjured himself when he claimed to own the shotgun is supported by sufficient evidence.

Petitioner cannot establish prejudice and therefore cannot maintain a claim for ineffective assistance of appellate counsel.

8

**CONCLUSION**

After conducting a *de novo* review of the portions of the Recommendation objected to by Petitioner, the Magistrate's Report and Recommendation is hereby adopted. The Petition (Doc. No. 1) is dismissed. Petitioner has failed to show the existence of any set of facts upon which he could prevail. Accordingly, under 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this action could not be taken in good faith and no certificate of appealability shall issue.

IT IS SO ORDERED.

                                                s/ *Jack Zouhary*
                                                JACK ZOUHARY
                                                U. S. DISTRICT JUDGE

April 30, 2008